IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02117-REB-KLM

EMMANUEL SANAAH,

    Plaintiff,

v.

NURSE DEBB HOWELL,
WARDEN ARELLANO,
MAJOR SCOTT GROVER, Life Safety Coordinator and Maintenance Supervisor, and
MAINTENANCE WORKER LT. BOSLEY,
ARISTEDES ZAVARAS, all in their official and individual capacities,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
## AND GRANTING MOTION TO AMEND

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court on Plaintiff's **[Second] Motion for Appointment of Counsel** [Docket No. 43; Filed June 11, 2009] ("Motion for Counsel").  This is the second request made by Plaintiff for appointment of counsel.

    IT IS HEREBY **ORDERED** that the Motion for Counsel is **DENIED** for the reasons given in my prior Order [Docket No. 30].  To the extent that Plaintiff argues that his indigency or lack of legal training merit the appointment of counsel, as the Court previously informed Plaintiff, these conditions are not unique and do not constitute special circumstances requiring the appointment of counsel.  Further, to the extent that Plaintiff argues that he does not possess sufficient English-language skills to be able to prosecute this case *pro se*, the Court notes that a review of Plaintiff's pleadings reveals that Plaintiff has an adequate command of the language and an ability to communicate legal arguments.

As the Court has already informed Plaintiff, although mindful of the difficulties faced by *pro se* parties, particularly prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Contrary to Plaintiff's assertion, there is no legal support for his proposition that "plaintiff is entitled to at least equeal [sic] representation that the defendants are receiving." *See Motion* [#43] at 1.

Here, Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training, incarcerated status, and language skills. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

This matter is also before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [Docket No. 41; Filed June 5, 2009] ("Motion to Amend"). Defendants are opposed to the Motion.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Plaintiff has provided good cause for his failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b).

Further, the proposed Amended Complaint appears to clarify the claims previously asserted in Plaintiff's operative complaint. While the Amended Complaint also asserts a claim against a new Defendant which is of questionable viability, the Court finds that at this stage of the case prior to adjudication of Defendants' Motion to Dismiss [Docket No. 32], justice would be served by amendment pursuant to Fed. R. Civ. P. 15(a). *See Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). **No further amendments shall be permitted**. Simultaneous with this Order, the Court will also direct the United States Marshal to serve the Amended Complaint on Defendant Aristedes Zavaras or to seek a waiver of service thereof.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Complaint [Docket No. 41-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff' Amended Complaint within ten (10) days of service or waiver on Defendant Zavaras pursuant to Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that the caption shall be amended as set forth above.

DATED: June 15, 2009

          BY THE COURT:

          s/ Kristen L. Mix
          Kristen L. Mix
          United States Magistrate Judge