IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02117-REB-KLM

EMMANUEL SANAAH,

     Plaintiff,

v.

NURSE DEBB HOWELL,
WARDEN ARELLANO,
MAJOR SCOTT GROVER, Life Safety Coordinator and Maintenance Supervisor,
MAINTENANCE WORKER LT. BOSLEY, and
ARISTEDES ZAVARAS, all in their official and individual capacities,

     Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Show Cause to Amend My Complaint** [Docket No. 69; Filed August 5, 2009] (the "Motion").  As a preliminary matter, no proposed amended complaint is attached and the Motion is subject to denial on this basis alone.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  To the extent that Plaintiff seeks to amend his operative Complaint, the Court makes three observations.  First, the deadline for pleading amendment has expired, and Plaintiff was informed that **"[n]o further amendments shall be permitted**" [Docket No. 45].  Plaintiff failed to provide a sufficient explanation for why good cause exists to extend the pleading amendment deadline or why the Court should reconsider its prior Order [Docket Nos. 39 & 45].

Second, the conduct about which Plaintiff complains occurred <u>after</u> the filing of

Plaintiff's operative Complaint and is not generally the subject of a motion to amend. Such conduct may properly be the subject of a new lawsuit to the extent that Plaintiff asserts new claims against new parties or a motion to supplement to the extent that the conduct is related to a pending claim but occurred after the Complaint's filing. See Fed. R. Civ. P. 15(d). The Court notes that a motion to dismiss Plaintiff's operative Complaint is pending [Docket No. 51]. Plaintiff's operative Complaint is not a moving target and justice is not served by allowing assertion of new claims based on subsequent conduct into perpetuity. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a 'moving target' to salvage a lost case by untimely suggestion of a new theories of recovery . . . .").

Third, most of the conduct at issue in the Motion is presently at issue in Plaintiff's two pending motions for injunctive relief [Docket Nos. 57 & 59]. To the extent that Plaintiff contends that he is being denied access to the Court or suffering retaliation, the Court will address whether Plaintiff is entitled to relief pursuant to those motions. In the meantime, **Plaintiff shall not file any additional motions for injunctive relief while his present motions are pending**.

Dated: August 11, 2009

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix