IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02117-REB-KLM

EMMANUEL SANAAH,

    Plaintiff,

v.

NURSE DEBB HOWELL,
WARDEN ARELLANO,
MAJOR SCOTT GROVER, Life Safety Coordinator and Maintenance Supervisor,
MAINTENANCE WORKER LT. BOSLEY, and
ARISTEDES ZAVARAS, all in their official and individual capacities,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Emergency Injunction/Restraining Order** [Docket No. 57; Filed July 7, 2009] ("First Motion") and **Second Request for Emergency Injunction/Restraining Order** [Docket No. 59; Filed July 14, 2009] ("Second Motion") [collectively, the "Motions"]. Defendants filed a combined Response to the Motions on July 30, 2009 [Docket No. 67], but Plaintiff did not file a reply. The Motions are fully briefed and ripe for resolution.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motions, Defendants' Response, the entire case file, the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [##57 & 59] be **DENIED**.

### I. Summary of the Facts

Plaintiff, who is proceeding *pro se*, is currently incarcerated at the Arkansas Valley Correctional Facility ("AVCF") in Crowley, Colorado.  In October 2008, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 asserting that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment regarding their treatment and care of him when a bathroom showerhead broke off and injured him in the head.  *Complaint* [#46] at 4.  The individual Defendants are employed by the Colorado Department of Corrections and, for the most part, work at AVCF.

In the First Motion, Plaintiff contends that "[s]ince the initial filing of the complaint the [AVCF] administration and staff have harassed and intimidated me on multiple occasions in an attempt to deter me from, and or retaliate against me for[,] filing a civil suit."  *First Motion* [#57] at 2.  Specifically, he contends that he is being denied access to the law library, he was being deprived of medication prescribed for his head injury, although he is now receiving the medication, and that he is being charged with frivolous disciplinary violations and subjected to over-intrusive shakedowns where his court papers and religious items have been confiscated.  *Id.*  Plaintiff seeks injunctive relief to "[o]rder the AVCF staff and administration to stop all harassment and retaliation" and "return all personal items that were taken."  *Id.* at 2-3.  Plaintiff also requests that the Court send him a copy of his docket and extend any deadlines that pertain to him.  *Id.*

In the Second Motion, Plaintiff contends that "AVCF staff continue to retaliate against me . . . .  This retaliation is both constant and consistent."  *Second Motion* [#59] at 2.  Specifically, he claims that since the filing of the First Motion, he was subjected to another over-intrusive shakedown and "the AVCF law librarian is making it difficult for me

to book an appointment in the law library" including refusing to allow Plaintiff's "jail house lawyer" to assist him. *Id.* He also complains of additional unwarranted disciplinary charges being made against him. *Id.* at 3. Plaintiff asserts that "[i]t is clear that this pattern of retaliation will only become more intence [sic]. I fear that not only will there be more harassment, more excessive shakedowns, and frivolous write-ups, but I also fear the retaliation will continue to escalate. This could include moving me from facility to facility so that I cannot keep up with my mail and find help." *Id.* Plaintiff reiterates his earlier request for injunctive relief, including that the Court "order the defendants to return my personal property . . . [and] my stamps so that I can continue to communicate with the courts." *Id.*

In Defendants' combined Response, Defendants counter that Plaintiff has failed to set forth sufficient information to justify entry of injunctive relief. *Response* [#67] at 6-12. Further, Defendants argue that the Motions should be denied because Plaintiff failed to indicate that he had exhausted his administrative remedies with respect to his alleged injuries. *Id.* at 3-4. As a preliminary matter, the Court rejects Defendants' latter contention. Exhaustion is not a pleading requirement. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, it is incumbent upon Defendants to prove that Plaintiff failed to exhaust prior to rejection of Plaintiff's claims. Because Defendants have only submitted conclusory statements regarding exhaustion, the Court does not consider that argument herein.

Prior to resolution of the Motions, the Court notes that all of the conduct at issue here occurred after the Complaint was filed and involves claims that are distinct from the events set forth in the Complaint. More specifically, the Complaint raises five claims related to Defendants' alleged deliberate indifference pursuant to the Eighth Amendment. *Complaint* [#46] at 6-10. The present claims assert alleged violations of the First

3

Amendment related to Plaintiff's access to the Court and retaliation. To the extent that Plaintiff's new allegations are not related to the conduct or claims previously asserted, I technically need not consider those here. *See Teague v. Hood*, No. 06-cv-01800-LTB-CBS, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unpublished decision) (noting that a preliminary injunction is inappropriate to address wrongs unrelated to Plaintiff's underlying claims in his operative complaint).

However, I note that Plaintiff claims that all of the adverse actions taken against him since the filing of his Complaint were undertaken in retaliation for the case's filing. Arguably, therefore, the conduct at issue in the Motions is related to the allegations contained in his Complaint. Accordingly, the Court considers the Motions on their merits. Further, I note that to the extent the Motions raise issues related to Plaintiff's access to the Court, Plaintiff may raise such issues at any time despite the fact that he did not make a similar claim in his underlying pleading. *See Ayyad v. Gonzales*, No. 05-cv-02342-WYD-MJW, 2008 WL 203420, at *3 (D. Colo. Jan. 17, 2008), *vacated on other grounds*, 2008 WL 2955964 (D. Colo. July 31, 2008) (unpublished decision). This reinforces my decision to resolve the Motions on their merits.

## II. Standard for Injunctive Relief

As a preliminary matter, because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

4

Further, I note that although the Motions are labeled as requests for a restraining order, because Defendants were given notice and an opportunity to respond, the Court analyzes the Motions under the standards governing entry of a preliminary injunction. Fed. R. Civ. P. 65(a) and (b) governs preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. 2001) (unpublished decision) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)).

Here, I find that Plaintiff has failed to meet his burden of showing that a preliminary injunction is necessary. Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar*

*Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier*, 427 F.3d at 1259, 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.

6

It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

### III.  Analysis

#### A.    Irreparable Injury

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007) (unpublished decision). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v.*

*Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm. While the allegations contained in the Motions are specific, they are nothing more than allegations and are not strengthened by any documentary evidence attached to the pleadings. Further, I note that at least one of Plaintiff's allegations relates to past conduct that has already occurred and is not ongoing, i.e., Defendants' alleged failure to provide Plaintiff medication until his fourth request. *See Schrier*, 427 F.3d at 1267 ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiff[] from irreparable injury that will surely result . . . ."); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005) (quoting *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunction relief only . . . it is insufficient for them to demonstrate only a past injury")).

Moreover, Plaintiff's alleged fear that he will be subjected to future excessive shakedowns or a transfer to a different facility are conjectural at best. *See Connecticut*, 282 U.S. at 674 (noting that injunctive relief will not lie where alleged injury is merely feared to occur at some time in the future). While the Court believes that Plaintiff is genuinely unhappy with his treatment, there is no evidence to suggest that such conduct, should it continue, is likely to lead to irreparable injury. Further the Court notes that the type of discomfort about which Plaintiff complains "is 'part of the penalty that criminal offenders pay for their offenses against society. . . . [O]nly those deprivations denying 'the minimal civilized measures of life's necessities' are sufficiently grave to form the basis" for a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted); *Bell*

*v. Wolfish*, 441 U.S. 520, 545-46 (1979) (noting that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system" (citation omitted)).

For example, to the extent that Plaintiff contends he is being deprived of the services of his "jail house lawyer" only when he uses the law library, there is no constitutional right to unfettered access to another inmate to help Plaintiff litigate his case. *See Johnson v. Avery*, 393 U.S. 483, 490 (1969). In addition, although Plaintiff contends that items have been confiscated from him in retaliation for filing this lawsuit, Defendants offer legitimate and reasonable justifications for the confiscation of various items found in Plaintiff's possession which are unrelated to a retaliatory purpose. *Compare First Motion* [#57] at 2-3, *with Response* [#67] 8-9. Further, I note that although Plaintiff contends that Defendants confiscated interrogatories he intended to propound, this conclusory assertion is not supported by the list of confiscated items attached to Plaintiff's pleadings. *See First Motion* [#57] at 6. Finally, to the extent that Plaintiff claims he has been charged with frivolous disciplinary violations, he does not allege that he has suffered any constitutional deprivations, such as lost good time credits, as a result.

The Court gives greater consideration to Plaintiff's allegations that he is being denied adequate access to the law library to litigate his case. If these allegations were supported by some evidence, they might support a finding of irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, at 373 (1976) (noting that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). However, I need not accept any allegations as true where there is no factual support for them. *See Ashcroft*

*v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-51 (2009) (noting that "naked assertions devoid of further factual enhancement" do not satisfy a litigant's pleading requirements and "disentitles [him] to the presumption of truth" (citation omitted)). Specifically, I note that despite Plaintiff's contentions, he has been able to submit pleadings to the Court, including these Motions, attached exhibits, a Response to Defendants' Motion to Dismiss, his trust fund statement and additional pleadings. Further, I note that Plaintiff does not identify any motion that he was prevented from filing or responding to in this case as a result of his alleged lack of access to the law library. *See Teague*, 2008 WL 2228905, at *16 (noting that access to the court claim for injunctive relief fails where plaintiff does "not allege[] or demonstrate[] that any denial or delay . . . prejudiced him in pursuing nonfrivolous litigation"). Moreover, although the record contains general allegations that Plaintiff is dissatisfied with the amount of access he is given to the law library, the record also evidences that Plaintiff is not being denied access completely. *See Second Motion* [#59] at 2 (noting only that it has been difficult to use the law library). Restricted access to the law library does not amount to a per se constitutional violation. *See Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978).

Simply, claiming an injury from an alleged deprivation, but not explaining how such injury has caused harm, is insufficient to establish an irreparable injury. *See generally Ashcroft*, 129 S. Ct at 1949-54 (holding that a litigant's pleading responsibilities require "more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Given that I find no support for Plaintiff's contentions or – even if such contentions were true – that irreparable injury is imminent, injunctive relief is subject to denial on this basis alone. *See*

*Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief). In the interest of completeness, the Court also briefly addresses the remaining factors applicable to determine whether a preliminary injunction should enter.

### B. Balance of Harm and Public Harm

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff does not address the balance of harm in his Motions and appears to assume that the Court can control Defendants' conduct across wide-ranging areas with minimal impact to Defendants. This assumption fails to take into account the important issue of the financial and logistical burdens which would be imposed on Defendants if they were ordered to treat Plaintiff contrary to their policies. As noted above, the Court's interference with Defendants' day-to-day decisions regarding how to manage this Plaintiff, particularly to the extent that Plaintiff's requested relief would deviate from how Defendants manage all other inmates, would significantly undermine their discretion and autonomy. *See Taylor*, 34 F.3d at 269-70. While Plaintiff expresses the preference for better treatment, e.g., more law library time, return of items confiscated pursuant to prison policy, etc., he fails to articulate how his preference could be effectively carried out and monitored with minimal impact on Defendants and the Court. Accordingly, the Court finds that Plaintiff has failed to make the requisite showing to tip this factor in his favor.

Next, I note that Plaintiff fails to address the impact of an injunction on the public. The Court notes that the public would ultimately have to bear the cost of any required changes in Defendants' conduct. While in this isolated case such cost may be minimal, the Court finds that the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear. The Court's monitoring of and control over Defendants' day-to-day treatment of Plaintiff and the management of the facility's law library, disciplinary procedures, medical services, etc. would be adverse to the public interest, and the Court finds that Plaintiff has failed to meet his burden in relation to this factor. *See Teague*, 2008 WL 2228905, at *17 (noting that the public is adversely impacted by the court monitoring day-to-day prison condition matters).

### C.   **Substantial Likelihood of Success on the Merits**

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Schrier*, 427 F.3d at 1258. As noted earlier, Plaintiff brings Eighth Amendment claims regarding his treatment by Defendants. *Complaint* [#9] at 3-6. In relation to the present Motions, Plaintiff fails to specifically address whether he would succeed on the merits of any of his underlying claims. As such, Plaintiff has failed to set forth sufficient proof, at this stage, that he is likely to succeed on the merits of the claims asserted in his operative Complaint. Moreover, given the tenuous nature of the relationship between Plaintiff's current allegations and the claims underlying his Complaint, even assuming the truth of the allegations Plaintiff makes here, these allegations do not tend to make his underlying claims any more or less meritorious. *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (noting that plaintiff fails to show substantial

likelihood of success where he cannot provide "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief"); *see also Teague*, 2008 WL 2228905, at *16 (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed).

Finally, considering whether Plaintiff is likely to succeed on the merits of his present claims, i.e., denial of access to the Court and retaliation, I note that I have already found that Plaintiff's allegations about access to the law library are unsupported by the record and do not rise to the level of irreparable injury. In relation to his general retaliation claim, I note that "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998). Further, an inmate is not "inoculated from the normal conditions of confinement experienced by [inmates] serving time in prison merely because he is engaged in protected activity." *Id.*; *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1224 (D. Colo. 2001) (requiring more than mere conclusory statement that inmate has been retaliated against). That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

A review of the allegations in Plaintiff's Motions reveals that while Plaintiff believes that he is being subjected to harassment and retaliation for the filing of this lawsuit, without

13

more concrete proof, there is no credible relationship between his conditions of confinement and Defendants' alleged intent to retaliate against him. For example, Defendants indicate that prison policy supports their decision to confiscate certain items from Plaintiff. *Response* [#67] at 6-7. In addition, Defendants correctly note that they are not constitutionally required to give Plaintiff unfettered access to the law library, a jail house lawyer or legal supplies. *Id.* at 7, 10. Without temporal or compelling evidence to the contrary, Plaintiff's conditions of confinement appear to be reasonable and not tied to any conclusory allegations of retaliation.

### IV. Conclusion

Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk of irreparable harm or place him in imminent danger. Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motions [#57 & 59] be **DENIED**.

To the extent that Plaintiff contends that he no longer has access to the Court's Order setting case deadlines,

IT IS HEREBY **ORDERED** that the Clerk shall mail a copy to Plaintiff of Docket No. 36 setting case deadlines. If Plaintiff needs additional time to meet any case deadline, he may file a motion supported by good cause to request an extension. To the extent that a deadline has already passed, Plaintiff must also provide a statement of excusable neglect for his failure to timely seek an extension.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 27, 2009

                                                            BY THE COURT:
                                                            s/ Kristen L. Mix
                                                            U.S. Magistrate Judge
                                                            Kristen L. Mix