IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02117-REB-KLM

EMMANUEL SANAAH,

      Plaintiff,

v.

NURSE DEBB HOWELL,
WARDEN ARELLANO,
MAJOR SCOTT GROVER, Life Safety Coordinator and Maintenance Supervisor,
MAINTENANCE WORKER LT. BOSLEY, and
ARISTEDES ZAVARAS, all in their official and individual capacities,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants' Motion to Dismiss Second Amended Complaint** [Docket No. 51; Filed June 26, 2009] ("Motion to Dismiss").  Plaintiff filed a Response in opposition to the Motion to Dismiss on July 24, 2009 [Docket No. 62], and Defendants did not file a reply.  The Motion is fully briefed and ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation.  The Court has reviewed the Motion, Plaintiff's Response, the entire case file, the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

**I.  Summary of the Case**

      Plaintiff, who is proceeding *pro se*, is currently incarcerated at the Arkansas Valley

Correctional Facility ("AVCF") in Crowley, Colorado.  In October 2008, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 asserting that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment resulting from their treatment and care of him when a bathroom showerhead broke off and injured him in the head.  *Complaint* [#46] at 4.  The individual Defendants are employed by the Colorado Department of Corrections and, for the most part, work at AVCF.

In his complaint, Plaintiff alleges five claims for relief:

Claim I     Defendant Nurse Debb Howell ("Defendant Howell") was deliberately indifferent to Plaintiff's serious medical needs when she failed to provide sufficient medical care to treat Plaintiff's injury caused by the showerhead, *id.* at 6;

Claim II    Defendant Warden Michael Arellano ("Defendant Arellano") was deliberately indifferent to Plaintiff's serious medical and safety needs when he failed to ensure that adequate medical care and maintenance to the showers were provided, *id.* at 7;

Claim III   Defendant Major Scott Grover, "Life Safety Coordinator and Maintenance Supervisor" ("Defendant Grover") was deliberately indifferent to Plaintiff's serious medical and safety needs when he failed to properly train his maintenance workers and failed to intervene to assist Plaintiff in getting adequate medical care, *id.* at 1, 8;

Claim IV    Defendant Lt. Bosley ("Defendant Bosley") was deliberately indifferent to Plaintiff's serious medical and safety needs when he failed to properly install and inspect a new showerhead and failed to intervene

2

to assist Plaintiff in getting adequate medical care, *id.* at 9; and

Claim V          Defendant Aristedes Zavaras, Executive Director ("Defendant Zavaras") was deliberately indifferent to Plaintiff's serious medical and safety needs given his failure to manage and supervise his employees and ensure they provided sufficient prison medical care and maintenance, *id.* at 10.

Defendants filed a Motion to Dismiss Plaintiff's claims against them on several legal grounds. First, Defendants assert that they are immune from Plaintiff's claims for damages asserted against them in their official capacities. *Motion* [#51] at 6-7. Defendants also contend that Plaintiff's claims fail to allege their personal participation in conduct relating to Plaintiff's alleged injuries, fail to state a plausible Eighth Amendment claim, or assert only claims of negligence. *Id.* at 7-13. Finally, Defendants argue that they are entitled to qualified immunity. *Id.* at 13-14.

## II.  Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is to test the jurisdictional basis for Plaintiff's complaint. When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995). Here, Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's official capacity claims seeking money damages because such claims are barred by the sovereign immunity doctrine. As such, taking Plaintiff's allegations as true, the complaint must sufficiently allege that the case is properly within the

subject matter jurisdiction of the Court to survive this stage of the pleadings.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6)

4

motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted). Defendant's allegation that Plaintiff has failed to state a claim pursuant to the Fifth Amendment is  reviewed under this standard.

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

### A.    Official Capacity Claims

Plaintiff filed suit against Defendants in both their individual and official capacities. *Complaint* [#46] at 1.  To the extent that claims are asserted against Defendants in their official capacities, I note that they are immune from liability for damages.  Here, Plaintiff seeks monetary damages against the named Defendants, who are officers and agents of

the State of Colorado.  A suit against state employees in their official capacities is considered to be a suit against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment protects states and their agents from suit in their official capacities.  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).  Further, "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983."  *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).  Accordingly, to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, his claims must be dismissed.

However, to the extent that Plaintiff asserts any claim for injunctive relief, e.g., prohibiting Defendants from charging him for medical services or requiring them to provide particular medical care, such claims are not barred.  *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1190 (D. Colo. 1999) (concluding that "federal jurisdiction over the individual Defendants in their official capacities for prospective [injunctive] relief is not barred by the Eleventh Amendment and is instead allowed under the *Ex Parte Young* exception").  Whether Plaintiff has stated a sufficient constitutional claim against the named Defendants to obtain any injunctive relief that he seeks is addressed below.

### B.    Individual Capacity Claims

#### 1.    Defendants Arellano, Grover and Zavaras

Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party.  *Bennett v. Passic*, 545 F.2d

6

1260, 1262-63 (10th Cir. 1976).   Here, Plaintiff's complaint wholly fails to allege any plausible individual actions attributable to Defendants Arellano, Grover and Zavaras which caused his alleged injuries.   To the extent that Plaintiff seeks to hold these Defendants liable for their failure to provide adequate medical care, ensure that the showerhead was safe for use, or that individuals repairing the showerhead were appropriately trained, Plaintiff appears to be seeking to impose supervisor liability.

Plaintiff's complaint must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he personally directed the alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation).   "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur."  *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

An affirmative link must exist between the alleged constitutional violation and these Defendants' participation, control or direction.  *Id.* at 1151-52; *Whitelow v. Stanley*, 06-cv-02256-ZLW-MEH, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision).   Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant.  *See Riddle*

7

*v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996).  Instead, "to state a claim in federal

court, a complaint must explain what each defendant did to him or her; when the defendant

did it; how the defendant's actions harmed him or her, and what specific legal right the

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492

F.3d 1158, 1163 (10th Cir. 2007).

As to Defendants Arellano and Grover, the Complaint contends that these parties

"failed to establish and amend policies and procedures to ensure quality and safe

maintenance and installation of plumbing operation in compliance with county plumbing

codes" and, after hearing of Plaintiff's injuries, "failed to intervene on [his] behalf . . .

personally depriving plaintiff of safety and good health . . . ." *Complaint* [#46] at 7-8.  To

the extent that the Complaint contends that Defendants Arellano and Grover should be held

liable for the conduct of the plumber who replaced the showerhead or the nurse who

examined Plaintiff's injuries due to their own alleged policies or failure to enact certain

policies, "each Government official, his or her title notwithstanding, is only liable for his or

her own misconduct." *Ashcroft*, 129 S. Ct. at 1949.  Holding that a supervisor can

nevertheless be held liable for the alleged failures of his staff, when he had no personal

involvement in the conduct that caused the alleged injury, would be to hold that supervisor

vicariously liable for the actions of his agents.  Simply, "[a] public officer or agent is not

responsible for the misfeasances or . . . wrongs, or for the nonfeasances, or negligences,

or omissions of duty, of the subagents or servants of other persons properly employed by

or under him, in the discharge of his official duties." *Id.* at 1948 (citation omitted).

Moreover, Plaintiff's allegation that Defendant Grover failed to ensure that Plaintiff was

provided adequate medical care, when there is no allegation that Grover had any

responsibility to provide medical care, is equally insufficient to state a claim against him. *See Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. July 13, 2003) (noting that a plaintiff's characterizations of a defendant's conduct must go beyond mere conclusory allegations; rather, such allegations must be supported by sufficient factual allegations).

To the extent that the Complaint contends that Defendants Arellano and Grover should be held liable due to their knowledge of Plaintiff's injuries after they occurred, sending "correspondence [to a prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983." *Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004).  To hold a supervisory prison official liable on the basis of communications he received, "would be to hold any well informed [prison official] personally liable for damages flowing from any constitutional violation occurring at any jail within that [official's] jurisdiction.  We believe that such a broad theory of liability is inconsistent with the personal responsibility requirement for . . . a section 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982); *see also Coates v. Sheahan*, No. 94-cv-6107, 1995 WL 430950, *2 (N.D. Ill. July 18, 1995) (unpublished decision) (holding that grievances submitted to a supervisory official are insufficient to establish the official's personal participation in a constitutional violation).

As to Defendant Zavaras, the Complaint contends that given his direct responsibility over the medical, personnel and maintenance departments of AVCF, Defendant Zavaras is personally responsible for Plaintiff's alleged injuries. *See Complaint* [#46] at 10.  Again, this allegation does not contend that Defendant Zavaras was personally responsible for the showerhead repair or the medical care Plaintiff received, but rather, was responsible for properly supervising individuals who participated in the conduct at issue.  Without an

9

affirmative link between any plausible deliberate action or inaction attributable to Defendant Zavaras, this allegation fails to establish his personal participation in the events causing Plaintiff's alleged injuries.

In summary, I find that Plaintiff's claims against Defendants Arellano, Grover and Zavaras fail because Plaintiff does not specifically attribute conduct committed by them which plausibly could be said to have led to the deprivation of a constitutional right. First, there is no allegation that these Defendants repaired the showerhead or examined Plaintiff. Second, other than vague and conclusory assertions that these Defendants failed to supervise or train their staff to take precautions to prevent constitutional injuries, there are no credible allegations that Defendants' personal conduct contributed to Plaintiff's alleged injuries here. *See generally Hall*, 935 F.2d at 1110 (recognizing that "the court need not accept as true . . . [any] conclusory allegations."). Defendants "cannot be held liable unless they themselves acted [to deprive Plaintiff of his constitutional rights]." *Ashcroft*, 129 S. Ct. at 1952. I find that Plaintiff's Complaint "does not contain any factual allegation sufficient to plausibly suggest [that Defendants had the] . . . state of mind" necessary to constitute deliberate indifference to Plaintiff's alleged injuries. *Id.*

Given that Plaintiff has failed to allege any personal participation of these Defendants, or allege an "affirmative link" between any conduct attributable to them and Plaintiff's alleged injuries (other than their positions of authority over the plumber who installed the showerhead and the nurse who examined Plaintiff), Plaintiff has not satisfied his pleading burden as to them. *See Jojola v. Chavez*, 55 F.3d 488, 490-91 (10th Cir. 1995). Accordingly, Claims Two ,Three and Five asserted against Defendants Arellano, Grover and Zavaras should be dismissed due to Plaintiff's failure to state a claim upon

10

which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### 2.    Defendant Bosley

In the Complaint, Plaintiff contends that Defendant Bosley "is the Pluming [sic] personally responsible for maintenance of the showers.  He fail [sic] to inspect the show head to insure that it was Safe [sic] before beening [sic] used by the plaintiff." *Complaint* [#46] at 9.  Although not entirely clear, the Court interprets Plaintiff's allegation to be that Defendant Bosley was the plumber who installed the showerhead that caused Plaintiff's alleged injuries.  Plaintiff confirms my interpretation of his Complaint in his Response where he notes that "Defendant Bosley was the one who installed the showers." *Response* [#62] at 3.  Although Defendants argue that the Complaint fails to contain sufficient allegations that Defendant Bosley personally participated in conduct that contributed to Plaintiff's alleged injuries, I disagree.  Nevertheless, for the reasons set forth below, I find that the Complaint fails to state a claim against Defendant Bosley.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (noting that a court may dismiss an action at any time due to party's failure to state a claim); 42 U.S.C. § 1997e(c)(1) (same).  First, the allegations asserted against Defendant Bosley are conclusory and not supported by sufficient factual averments.  Second, the Complaint fails to attribute any subjective intent to Defendant Bosley such that the Court could conclude, even giving Plaintiff the benefit of liberal pleading interpretation, that Defendant Bosley was deliberately indifferent to the safety of Plaintiff.  Third, at most, I find that the Complaint raises allegations that rise to the level of negligence, as opposed to constitutional indifference.

Addressing the first point, Plaintiff alleges that Defendant Bosley installed or repaired the showerhead that struck him in the head.  He also alleges that Defendant Bosley failed

11

to properly inspect the showerhead to insure that it was safe. No further detail or allegation is given to provide a factual basis for Plaintiff's assertion that Defendant Bosley did not properly inspect the showerhead. The Court is not obligated to accept Plaintiff's conclusory allegation as true that he somehow knows that Defendant Bosley failed to make a reasonable inspection. *Ashcroft*, 129 S. Ct. at 1949-50. Plaintiff's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Here, Plaintiff's alleged "facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950. As such, the allegations asserted against Defendant Bosley fail on this basis alone. Moreover, Plaintiff's allegation that Defendant Bosley failed to ensure that Plaintiff was provided adequate medical care, when there is no allegation that he had any responsibility to provide medical care, is equally insufficient to state a claim against him.

Addressing the second and third points collectively, Plaintiff contends that Defendant Bosley's alleged failure to properly install or inspect the showerhead rises to the level of deliberate indifference. However, Plaintiff provides no basis for inferring any subjective intent or indifference to Defendant Bosley on the basis of his alleged conduct. Rather, Plaintiff contends that Defendant Bosley "wantonly failed" to comply with plumbing codes. *Complaint* [#46] at 9. At most, I find that the allegations asserted against Defendant Bosley rise to the level of negligence. However, liability pursuant to § 1983 cannot be premised upon negligence. *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 n.7 (10th Cir. 1995)

("Mere negligent actions . . . [are] not actionable under § 1983."). This is true because "injuries inflicted by governmental negligence are not addressed by the United States Constitution." *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Medina v. City & County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("[N]egligence and gross negligence do not give rise to section 1983 liability."). Moreover, "[i]t is not enough to establish that [a prison official] should have known of the risk of the harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). As such, "liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant." *Woodward*, 977 F.2d at 1399 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Here, as noted above, I find that Plaintiff has failed to nudge his claims across the line from negligence to deliberate indifference to state a plausible Eighth Amendment claim. Accordingly, Claim Three asserted against Defendant Bosley should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### 3.    Defendant Howell

Plaintiff alleges that Defendant Howell's medical care following his showerhead injury was constitutionally deficient. Essentially, Plaintiff raises an Eighth Amendment claim that he was subjected to cruel and unusual punishment. U.S. Const. amend VIII. Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement." *Farmer*, 511 U.S. at 832. As such, the Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of

13

the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  The Court's analysis of Plaintiff's Eighth Amendment claim involves both an objective and subjective component.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation.  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations omitted).  Here, the issue is Defendant Howell's alleged failure to properly treat Plaintiff's showerhead injury.  "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component, the Court considers whether Defendant Howell intended the deprivation, i.e., acted with deliberate indifference to the harm that could result.  *See id.*  The subjective element can only be proved by showing that Defendant Howell "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind.  *See Farmer*, 511 U.S. at 837; *Hudson*, 503 U.S. at 8.

Plaintiff contends that "Defendant Howell's medical credentials establish that she knew the medical care that plaintiff was entitled to, including but limited to, an examination by a doctor and a CAT Scan and head injury instructions regarding possible decreased

14

concentration, difficulty learning, severe headaches and dizziness." *Complaint* [#46] at 6. Plaintiff claims that he now suffers from permanent physical injury as a result of Defendant Howell's alleged deficient medical care. *Id.* In the Complaint, Plaintiff provides a detailed description of the care provided to him by Defendant Howell. Specifically, she washed and bandaged Plaintiff's wound. *Id.* at 4. She provided Plaintiff with Tylenol for the pain and dizziness. *Id.* When Plaintiff's dizziness did not improve, she saw Plaintiff again, gave him more Tylenol and advised him to take a nap. *Id.* at 5. Plaintiff was dissatisfied with his treatment and tried to make an appointment the next day to see a doctor, but Defendant Howell allegedly informed an officer in Plaintiff's unit that a follow-up appointment was unnecessary. *Id.* Plaintiff filled out a medical request form and was seen by a physician's assistant five days later. *Id.* By that time, Plaintiff's wound had become infected and Plaintiff was prescribed an antibiotic and additional medication for dizziness and pain. *Id.* On the basis of this medical history, Plaintiff contends that Defendant Howell "was deliberately indifferent towards the plaintiff's medical needs . . . . She failed to notify the doctor when the emergency occurred. She failed to stitch and bandage the wound and employ other medical procedures." *Id.*

Putting aside whether Plaintiff has alleged an objectively serious medical injury,[1] I find that Plaintiff has failed to allege sufficient factual detail to plausibly suggest that Defendant Howell's conduct rises to the level of deliberate indifference. As a preliminary

---

[1] I note that despite Plaintiff's conclusory allegations that his wound could only be effectively treated by a doctor via the use of a CAT scan, or that stitches were required, he does not allege that any medical professional advised him of either diagnosis, nor does he provide a medical basis for such a conclusion. Further, he does not contend that any lay person, other than himself, felt that such action was obviously required to effectively treat Plaintiff's head wound.

matter, an individual's job title or credentials, without additional supporting factual assertions, is not sufficient to prove that person's deliberate indifference. *See Ashcroft*, 129 S. Ct. at 1949.  Moreover, it should be noted that an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  As discussed at length below, a "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted).   To the extent that Plaintiff, in his opinion, asserts that Defendant Howell did not satisfactorily perform her duties given her failure to provide the level of medical care desired by Plaintiff, "such a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal § 1983 action. . . .  [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim).

As was the case in *Pearson*, "Plaintiff was not denied medical treatment, rather he merely disagrees" with the type of treatment he received. *See id.*  In such a case, without specific allegations about Defendant Howell's intent, Plaintiff is unable to provide sufficient evidence of Defendants' subjective desire to cause harm to Plaintiff. *Riddle*, 83 F.3d at 1202-06 (holding that prisoner's complaint must go beyond conclusory allegations about the depravity of defendant's conduct).

16

Considering the allegations contained in Plaintiff's Complaint more fully, Plaintiff appears to assume that because his wound eventually became infected this was the result of deliberate and deficient care provided by Defendant Howell.  There is no factual basis for Plaintiff's claim.  Plaintiff's infection could have been caused by any number of things, e.g., Plaintiff's failure to properly clean the wound thereafter, such that Defendant Howell's conduct is not implicated.  Moreover, in the Court's own experience as a lay person, it is not uncommon for wounds to lead to infection and the need for follow-up care.  The fact that Plaintiff's wound did not immediately heal or resulted in additional complications does not plausibly show that Defendant Howell exhibited deliberate indifference to Plaintiff's required treatment.  *See Ashcroft*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief"'" (citation omitted)).  As noted above in relation to Plaintiff's allegations against Defendant Bosley, I find that Plaintiff's allegations against Defendant Howell "do not permit the court to infer more than the mere possibility of misconduct, [and] the complaint has alleged, but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Accordingly, Claim One asserted against Defendant Howell should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### C.    Miscellaneous Matters

I note that despite Plaintiff's allegations that he continues to suffer from permanent injuries such as severe headaches and dizziness and that he is not currently receiving appropriate care to address those conditions, he does not attribute this alleged failure to any named Defendant.  In relation to Defendant Howell, who is the only medical provider

17

named in the Complaint, Plaintiff seeks to hold her liable for past care.  It is entirely unclear to the Court, assuming that Plaintiff is not being currently provided with adequate medical care, who is responsible for this alleged failure.  For example, the Complaint does not contend that Defendant Howell is presently refusing to examine or treat Plaintiff.  In addition, given that Plaintiff mentions both the presence of a physician's assistant and a doctor at AVCF, even assuming that Plaintiff intended to assert that Defendant Howell refuses to provide Plaintiff with treatment, it is unclear why Plaintiff could not receive care from other AVCF medical staff.  As noted above, to the extent that Plaintiff intended to assert liability for his alleged ongoing failure to receive proper medical care against Defendants Arrellano, Grover, Bosley or Zavaras on the mere basis of their responsibilities over AVCF, maintenance, the grievance process or the prison system in general, these allegations fail to provide a plausible basis to hold these Defendants liable for any alleged ongoing failure to provide Plaintiff with adequate medical care.

To the extent that Plaintiff seeks injunctive relief in addition to damages, I note that because he has failed to allege his entitlement to relief against Defendants in their individual capacities, he is likewise not entitled to injunctive relief against Defendants in their official capacities.  *See Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 181-82 (10th Cir. Mar. 16, 2006) (holding that prisoner's entitlement to injunctive relief was reliant upon his ability "to state a claim for an Eighth Amendment violation").  Moreover, given that Plaintiff has failed to plead any plausible Eighth Amendment injuries, it is unnecessary to address whether Defendants are entitled to qualified immunity.  *See Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1214 (10th Cir. 2006); *Stine v. Lappin*, No. 07-cv-01839-WYD-KLM, 2009 WL 103659, at *15 (D. Colo. Jan. 14, 2009) (unpublished decision).

18

## IV.  Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Defendants' **Motion to Dismiss** [#51] be **GRANTED** and the case be **dismissed with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 14, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix